UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ODISCIOUS DOZIER,

        Plaintiff,

   v.

DAVID ARMSTRONG,

        Defendant.

CASE NO. C24-5046 BHS

ORDER

THIS MATTER is before the Court on defendant David Armstrong's motion to dismiss, Dkt. 19. Pro se plaintiff Odiscious Dozier asserts a *Bivens* claim against Armstrong, a safety investigator for the Federal Motor Safety Administration. Dozier claims Armstrong violated his constitutional rights when he investigated Dozier's trucking business, and ultimately placed his business "out of service" for safety violations. See Dkt. 1.

Armstrong seeks dismissal as a matter of law under Federal Rules of Civil Procedure 12(b)(1), arguing that this Court does not have subject matter jurisdiction over Dozier's claims. Instead, Congress has vested exclusive jurisdiction over challenges to

ORDER - 1

out of service orders with the Court of Appeals. Dkt. 19 at 5 (citing 49 U.S.C. § 521(b)(2)(E)(i)).

Armstrong also seeks dismissal for failure to state a plausible claim under Rule 12(b)(6). He argues that Dozier has not plausibly pled that Armstrong deprived him of any constitutional right, Dkt. 19 at 8, and that the Court would have to expand *Bivens* into a new context to provide relief, *id*. at 9–12.

Dozier has not responded to the motion, and the time for doing so has long since expired. *See* Dkt. 21 at 1 (citing Local Civil Rule 7(d)(4)).

The Court may deem a party's failure to respond to a motion to dismiss an admission that the motion has merit:

> (2) *Obligation of Opponent*. Each party opposing the motion shall, within the time prescribed in LCR 7(d), file with the clerk, and serve on each party that has appeared in the action, a brief in opposition to the motion, together with any supporting material of the type described in subsection (1). Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit.

Local Rule 7(b)(2).

The Court concludes that Armstrong's motion does have merit, and that Dozier's failure to respond to it is an admission of the same. The Court does not have subject matter jurisdiction over this claim, and Dozier has failed to state a plausible claim for relief against Armstrong. Armstrong's motion to dismiss is **GRANTED**. Dozier's claim is **DISMISSED** without prejudice and without leave to amend.

Armstrong's motion to stay discovery pending the resolution of his motion to dismiss, Dkt. 23, is **DENIED** as moot.

1  The Clerk shall enter a **JUDGMENT** and close the case.

2  **IT IS SO ORDERED**.

3  Dated this 10th day of December, 2024.

BENJAMIN H. SETTLE
United States District Judge